IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| MARY ELLEN PAGE STONE, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **AMENDED** SCHEDULING ORDER **CIVIL ACTION NO. 8:08-01134-HFF** |
| CREDIT CENTRAL., | ) ) | |
| Defendant. | ) ) | |

The parties have conferred pursuant to this Court's original Scheduling Order in this case and pursuant to this Court's Order dated February 11, **2010** Ordering the parties to agree on a proposed scheduling order in this matter. The parties have submitted, and the Court adopts, the following amended scheduling order, **as modified herein**. **Modifications are generally noted in bold type, but the parties should carefully review the entire Order to make sure that they are familiar with the contents thereof.**

The Court finds that the procedure set forth in this Amended Scheduling Order is the most efficient and expeditious way to resolve this case given the legal issues in the case and the fact that Plaintiff is seeking certification of a Plaintiff Class.

1. Staged Proceedings: Plaintiff seeks to maintain this case as a class action. The **first stage of this litigation focused on the issues of:**

    a. Whether Credit Central failed to pay its salaried employees overtime pay as required by law;

b. Whether Credit Central has illegally withheld overtime wages due its salaried employees;

c. Whether Credit Central can unilaterally declare that its employees forfeit their right to vacation pay after their employment with Credit Central has terminated;

d. Whether Credit Central can unilaterally declare that its employees forfeit their right to sick pay after their employment with Credit Central has terminated;

e. Whether Credit Central has illegally withheld payment of accrued vacation pay to its former employees;

f. Whether Credit Central has illegally withheld payment of accrued sick pay to its former employees;

g. Whether accrued vacation pay as outlined in Credit Central's Employee Handbook is "wages" as defined by § 41-10-10 S.C. Code of Laws Ann.;

h. Whether accrued sick pay as outlined in Credit Central's Employee Handbook is "wages" as defined by § 41-10-10 S.C. Code of Laws Ann.;

i. Whether the forfeiture paragraphs outlined above in Credit Central's Employee Handbook are in violation of and prohibited by § 41-10-10 S.C. Code Ann.

Discovery in this phase concluded on January 9, 2009. The parties were allowed to file dispositive motions by January 24, 2009. The Court ruled on the Defendant's dispositive motion on November 18, 2009. The case was not dismissed as a result of such motion, therefore, the second or class certification stage of the litigation shall focus

exclusively on the issues of (1) whether class certification is appropriate under Federal Rules of Civil Procedure 23(a) and (b); and (2) within the context of the elements of Fed. R. Civ. P. 23(a) and (b), the extent and degree to which Defendant failed to pay wages according to law to the Named Plaintiff or to other of Defendant's employees within the class period.

2. Rule 26(a) Disclosures: The Parties agreed to waive the Rule 26(a)(1) disclosures.

3. Class Certification: During the class certification phase of this case, discovery shall be limited to those matters that are necessary for the Court to determine whether or not this case may be maintained as a class action. Discovery related to these issues shall be completed as follows:

   a. The parties may engage in written discovery regarding the issues noted above, provided that it will be completed within 180 days of the Court's ruling on the Defendant's dispositive motion which was November 18, 2009.

   b. Plaintiff shall serve on Defendants any expert reports and/or affidavits and supporting materials Plaintiff intends to use in support of her motion for class certification within 180 days of the Court's ruling on the Defendant's dispositive motion which was November 18, 2009. **Such reports shall be prepared in compliance with Fed. R. Civ. P. 26(a)(2).**

   c. **The parties may depose each other's** class certification experts or witnesses within 180 days of the Court's ruling on the Defendant's dispositive motion which was November 18, 2009. Such reports shall be prepared in compliance with Fed. R. Civ. P. 26(a)(2).

d. Defendants shall serve on Plaintiff any expert reports and supporting materials that Defendants intend to use in opposition to Plaintiff's motion for class certification within 180 days of the Court's ruling on the Defendant's dispositive motion which was November 18, 2009. Such reports shall be prepared in compliance with Fed. R. Civ. P. 26(a)(2).

e. **[This section was omitted and combined with Section 3c.]**

f. All class certification discovery shall be completed no later than 180 days of the Court's ruling on the Defendant's dispositive motion which was November 18, 2009.

4. Class Certification Briefing:

a. Plaintiff shall file her motion and brief in support of her motion for class certification no later than 3**0** days after the close of discovery under paragraph **3**(f) of this Scheduling Order, along with any supporting affidavits, depositions, or other materials that Plaintiff intends to rely upon in moving for class certification.

b. Defendants shall file their opposition to class certification within **21** days after the date of service of Plaintiff's class certification motion, along with any supporting affidavits, depositions, or other materials that Defendants intend to rely upon in opposing class certification.

c. Plaintiff shall file **her** reply brief in support of class certification within **14** days from the date of service of any opposition to Plaintiff's class certification motion.

d. Oral Argument: If necessary, oral argument on Plaintiff's motion for

class certification will be scheduled after the close of class certification briefing, at the convenience of the Court.

5. Subsequent Dispositive Motions: Nothing in this Order shall preclude a party from renewing or filing further dispositive motions. The party opposing such Motion shall have **21** days from the date of service of such a dispositive motion to file its Opposition , if any, to the Motion and the party making such Motion shall have **14** days from the date of service of the Opposition to file any Reply Brief in further support of the Motion. If necessary, oral argument on a dispositive motion will be scheduled after the close of briefing of such Motion and at the convenience of the Court.

6. Notification of Putative Class Members: In the event the Court grants Plaintiff's Motion for Class Certification and thus establishes the parameters of the class, putative members of the class shall then be identified and notified by a form and method approved by Court Order. Until such Court Order, neither party shall advertise, solicit, contact, or otherwise attempt to notify putative class members about this case.

7. Completion of Mediation: Mediation shall be completed with thirty (30) days of days of the Court's ruling on any dispositive motion filed by January 24, 2009 pursuant to paragraph 1 of this Scheduling Order. The parties shall advise the Court immediately if a settlement was reached during mediation.

8. Further Scheduling: At this time, all other scheduling matters are reserved. Within thirty (30) days of the Court's ruling on class certification, the parties shall confer and submit a proposed order addressing scheduling of the following:

    a. Plaintiff's filing and service of their list of expert witnesses in the form required by Fed. R. Civ. P. 26(a)(2);

b. Defendants' filing and service of their list of expert witnesses in the form required by Fed. R. Civ. P. 26(a)(2);

c. Filing and service of affidavits of records custodian witnesses;

d. Close of all discovery;

**e. A second attempt to settle this case by mediation;**

f. Motions other than those relating to admissibility of evidence or to compel discovery;

g. Filing and exchange Rule 26(a)(3) pre-trial disclosures and objections;

h. Filing of pretrial briefs with the Court;

i. Date case is subject to being called for jury selection and trial, **which shall be no later than March 31, 2011**;

j. Scheduling of any other matters necessary for the progress of this case toward trial.

**IT IS SO ORDERED.**

Signed this 12th day of March, 2010, in Spartanburg, South Carolina.

/s/ Henry F. Floyd
United States District Judge